NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2021[*]
Decided December 28, 2021

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 21-1547

| | |
|---|---|
| HENRIETTA E. ARNOLD SIMPSON, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 19-CV-789 |
| LOUIS DEJOY, Postmaster General *Defendant-Appellee*. | William E. Duffin, *Magistrate Judge*. |

**O R D E R**

Henrietta Simpson was robbed at gunpoint when working at a branch of the United States Postal Service. After the robbery, USPS allowed the severely distressed Simpson to work temporarily at a window equipped with protective glass, installed protective glass at her usual station, and always scheduled a coworker to work with her. Simpson later sued USPS after she reported that these measures were insufficient—

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

primarily because the person working with her would leave the room at times—and USPS did not do more to accommodate her anxiety. The district court entered summary judgment for USPS, ruling that no reasonable jury could conclude that USPS had not reasonably accommodated Simpson's presumed disability. We affirm.

We summarize the facts in the light most favorable to Simpson, the non-moving party. *Yochim v. Carson*, 935 F.3d 586, 588 (7th Cir. 2019). Simpson requested in late 2017 that USPS accommodate the anxiety she developed after she was robbed at gunpoint while working a customer-service window. At her doctor's urging, Simpson asked that she not be scheduled to work alone at her window until protective glass was installed. USPS agreed to install the glass on her window and, until then, transferred her to a station with protected windows. USPS also scheduled someone to work with Simpson when she was assigned to a window without glass, though that coworker often left the room for twenty minutes. Simpson could also leave the window when she wished.

Simpson's coworkers began making fun of her. Though the record is unclear about when this ridicule occurred or who took part, Simpson attests that her coworkers laughed at her and complained about "babysitting" her. Her supervisor also picked on her and once reprimanded her for accidentally cursing in front of a customer.

On six occasions around this time, Simpson requested time off under the Family and Medical Leave Act to care of her dying father. Her supervisor threatened to write her up if she took the leave, but USPS approved each request. Simpson took all the leave she requested and did not receive any reprimand or reduction in pay or benefits.

Simpson considered suing USPS but then settled her potential claims. Still, after September 2018, the date through which she released her claims, problems persisted, eventually leading to this lawsuit. In her complaint, Simpson alleged that USPS discriminated against her because of her anxiety, in violation of the Rehabilitation Act of 1973, *see* 29 U.S.C. § 794(a), by inadequately accommodating her disability and fostering a hostile work environment. She also alleged interference with her right to take FMLA leave. *See* 29 U.S.C. § 2615(a)(1).

USPS eventually moved for summary judgment, and the district court granted the motion. It explained that no reasonable jury could conclude that Simpson had a qualifying disability or that, if she did, USPS had failed to reasonably accommodate it after September 2018. Nor could a reasonable jury find that a handful of barbs from her

coworkers created a hostile work environment. Finally, the court ruled that the FMLA-interference claim failed because Simpson took all the leave she had requested.

Simpson appealed, but USPS asks us to dismiss the appeal under Rule 28(a) of the Federal Rules of Appellate Procedure because, it argues, Simpson has not articulated any error. But we discern some general arguments in Simpson's brief, which we construe liberally, *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017), and so we will explain briefly why summary judgment for USPS was proper.

Simpson principally asserts that USPS unreasonably accommodated her anxiety, but no reasonable jury could find in her favor. We can assume that the anxiety Simpson developed after the armed robbery—a condition that her doctor insisted required job modifications such as not working alone at an unfortified service window—qualifies as a disability under the Rehabilitation Act. Even so, Simpson lacks evidence that USPS failed to accommodate the condition in a reasonable way. The record shows that USPS fulfilled Simpson's request not to assign her to work alone at an unprotected window: It moved her to a station with protective glass, installed a shield at her usual window, and scheduled coworkers to work alongside her. Simpson laments that the coworkers often left her alone at the service window to take breaks or complete tasks elsewhere. But she admits that she, too, could step away, and she does not cite any added measure USPS could have taken to make the workplace more accessible, other than further altering her coworkers' jobs. *See EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 803–04 (7th Cir. 2005). Because USPS supplied the precise accommodations requested—even if they did not altogether ease Simpson's mind—a reasonable jury could not find in her favor on this claim. *See Yochim*, 935 F.3d at 591 (affirming summary judgment when employer provided accommodations, though not precisely those requested).

Nor could a reasonable jury conclude that USPS fostered a hostile work environment based on Simpson's disability. Although such a claim is available under the Americans with Disabilities Act, *Ford v. Marion Cty. Sheriff's Office*, 942 F.3d 839, 852 (7th Cir. 2019), and presumably under the Rehabilitation Act, *see Yochim*, 935 F.3d at 593, Simpson needed evidence that she suffered "severe or pervasive" harassment at work. *Id.* But a few unkind or even cruel remarks about Simpson needing a babysitter, and one warning for cursing at a customer, cannot amount to the sort of hostility that creates an unlawful environment. *See Ford*, 942 F.3d at 857. ("[E]mployers generally do not face liability for off-color comments, isolated incidents, teasing, and other unpleasantries.").

Finally, summary judgment also was proper with respect to Simpson's FMLA claim. To prevail on an interference claim under 29 U.S.C. § 2615, Simpson must show that USPS prejudiced her ability to exercise her rights secured by the FMLA. *See Guzman v. Brown County*, 884 F.3d 633, 638 (7th Cir. 2018) ("The FMLA … makes it unlawful for an employer to interfere with an employee's attempt to exercise FMLA rights."). The record, however, shows that USPS approved all the leave Simpson requested to attend to her ailing father and did not punish her for taking that leave.

AFFIRMED